UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| HELEN FLORA, | ) | CIV. 06-05031-AWB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER DENYING IN PART** |
| | ) | **AND GRANTING IN PART** |
| CUSTER REGIONAL MEDICAL | ) | **MOTION FOR SUMMARY** |
| CLINIC, | ) | **JUDGMENT** |
| | ) | |
| Defendant. | ) | |

Defendant in the above-captioned case has filed a motion for summary

judgment.  Docket 64.  Plaintiff has filed materials in opposition to Defendant's

motion.  The matter is now fully briefed and ripe for disposition.  For the

reasons stated below, the Court grants in part and denies in part Defendant's

motion for summary judgment.

## FACTUAL BACKGROUND

The Court construes the facts in the light most favorable to Plaintiff, the

party opposing the motion for summary judgment.

On April 25, 2003, Plaintiff drove her husband Mack Smith to the Custer

Regional Medical Clinic for an appointment with his doctor.  She parked in a

handicapped accessible spot in the parking lot, helped her husband into his

wheelchair, and pushed him up the sidewalk and a ramp to the handicapped

accessible entrance to the Clinic.  The entrance has a double-door entrance

without a dividing bar between the two doors.  Additionally, the entrance had a

buzzer and a sign that said, among other things, "Ring bell for emergency

service."  Plaintiff did not press the buzzer for assistance.

Plaintiff pushed her husband's wheelchair to the left door of the double doors.  She pulled open the left door and pushed the wheelchair partially through the door.  Plaintiff was unable to push the wheelchair all of the way through the doorway because its front wheels were caught in a gap between the sidewalk concrete and the door's threshold.  She also observed a metal register sticking out from the wall just inside the left door and predicted that the passage was too narrow to accommodate her husband's wheelchair.  When she stepped over her husband's feet to try to hold open both doors, she tripped on one of the wheelchair's footrests.  She fell to her right knee, hitting the floor. After a few minutes, she arose and eventually, with the help of a stranger, was able to push her husband's wheelchair through the door.

Once inside the clinic, Plaintiff did not tell anyone about her fall, not even her husband's doctor, whom she had known for many years.  No one at the clinic saw her fall.  When she visited the hospital the next day, Plaintiff did not report the fall to anyone.  Similarly, she did not mention the fall to her own doctor at an appointment on April 22, 2003.  Plaintiff did not say anything about her fall because she did not believe that the fall was serious or that she was seriously hurt.  After the pain in her knee grew, she sought medical care for the pain.  She ultimately underwent knee surgery to address the pain, stiffness, and weakness in her knee.

Plaintiff eventually complained to Defendant about the handicapped

2

entrance and her fall.  The clinic staffperson she spoke with told Plaintiff that the clinic had received other complaints about the handicapped entrance used by Plaintiff, but the clinic had not yet done anything regarding the entrance. Since that time, Defendant has created a new handicapped entrance to replace the entrance used by Plaintiff and her husband.

The Court also notes that Plaintiff will not have any expert testimony at trial regarding the construction, design, maintenance, or operation of the clinic's entrance, nor will any experts testify regarding the cause of Plaintiff's injury.  See Docket 42.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law.  Id.; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).  Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts

showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e)(2).  In determining whether a genuine issue of material fact exists, the court views the evidence presented based upon which party has the burden of proof under the applicable substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## DISCUSSION

Defendant moves for summary judgment in this matter, alleging that Plaintiff cannot prove a violation of the ADA or South Dakota Administrative Rules; that Plaintiff's lack of experts means that she cannot prove the essential elements of breach and causation required by her negligence claim; and that Plaintiff's premises liability claim fails because the entrance complies with all applicable codes, standards, regulations, and guidelines.  Defendant also urges the Court to retain supplemental jurisdiction over all state law claims in this case, even if it decides to dismiss the federal claim.

In opposition to Defendant's summary judgment motion, Plaintiff states that no experts are needed to prove the elements of ordinary negligence, and thus her lack of experts does not require summary judgment on either the negligence claim, the premises liability claim, or the ADA claim.  Regarding supplemental jurisdiction, Plaintiff asks the Court to dismiss without prejudice any state claims should it decide to grant summary judgment on the federal claims.  The Court takes up each issue in turn.

## A.   Sufficiency of Plaintiff's Objections to Defendant's Statement of Material Facts

The Court first addresses Defendant's arguments with regard to alleged deficiencies in Plaintiff's Opposing Statement of Facts.  Docket 72.   In its reply brief, Defendant complains that Plaintiff's response to its summary judgment motion contains "little more than unspecified denials, objections, and 'conclusory allegations and legal argument,' most of which are without citation to the record or legal authority[.]"  Docket 75, page 1-2.  Defendant asks the Court to "deem admitted those Responses to Defendant's Statement of Material Facts that do not comport with Local Rule 56.1."  Id. at 2.

Federal Rule of Civil Procedure 56(e)(3) provides that a party opposing a motion for summary judgment cannot rely on mere allegations in its own pleading, but "must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial."  Additionally, Local Rule 56.1 provides:

> A party opposing a motion for summary judgment shall respond to each numbered paragraph in the moving party's statement with a separately numbered response *and appropriate citations to the record*.  A party opposing a motion for summary judgment shall identify any material facts as to which it is contended that there exists a genuine material issue to be tried.

D.S.D. CIV. L.R. 56.1(B) (emphasis added).  That rule goes on to state: "All material facts set forth in the [moving party's statement of facts] . . . will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."  D.S.D. CIV. L.R. 56.1(D).  Such rules are

properly intended "to prevent a district court from engaging in the proverbial search for a needle in the haystack."  Libel v. Adventure Lands of America, Inc., 482 F.3d 1028, 1032 (8th Cir. 2007) (discussing similar Iowa Local Rule); see also Huckins v. Hollingsworth, 138 Fed. Appx. 860, 862 (8th Cir. 2005) (affirming district court's application of District of South Dakota Local Rule 56.1 "even though those rules prevented it from considering some facts improperly alleged by [Plaintiffs] that might have been relevant to the summary judgment motion").

The Court has reviewed Defendant's complaints about Plaintiff's Opposing Statement of Facts, and it concludes that most of the contested statements by Plaintiff adhere to Federal Rule 56 and local rule 56.1 and are therefore proper responses to Defendant's statement of facts.  See Opposing Statement of Facts [hereinafter Opposing SOF], Docket 72, ¶¶ 8-10, 12-25, 27-28, 32-33, 42-44, 46, 51, 53-55, 66, 69-70.  Several of these contested statements include additional legal arguments which would be more appropriate in a brief rather than in the statement of facts; however, the Court does not believe that this necessarily renders them violative of the applicable local or federal rule.  See ¶¶ 27, 33, 42-44, 46, 51, 55, 69-70.

However, in some cases, Plaintiff objects to the Defendant's statement of facts, but does not include any citation to the record whatsoever.  See Opposing SOF, ¶¶ 30, 35-37, 45, 47, 56-65, 67-68, 71-74.  Since these statements fail to comply with Local Rule 56.1 and Federal Rule of Civil

Procedure 56(e)(2), and since Plaintiff fails to provide sufficient evidence that there is a genuine dispute of material fact between the parties, the Court deems these statements to be admitted.

**B.   ADA Claim**

In her complaint, Plaintiff alleges that Defendant violated Title III of the Americans with Disabilities Act (ADA) because of its "acts and omissions in its design, construction, maintenance, and operation" of the handicapped entrance and because Defendant failed to make reasonable modifications to accommodate Plaintiff's disability.  Docket 21, page 7.  In its motion for summary judgment, Defendant states that injunctive relief is the only remedy permissible under the relevant portions of the ADA.  Defendant also states that Plaintiff was not denied access to the facility, and that Plaintiff cannot prove that the entrance was in violation of the ADA.  Finally, in its statement of material facts, Defendant cites to its experts' reports in stating that the clinic's entrance was ADA compliant.  Defendant's Statement of Facts [hereinafter Defendant's SOF], Docket 66, ¶¶ 11-22 (citing to Docket 66-3 (affidavit of David St. Pierre), 66-4 (affidavit of Donovan Broberg)).

As stated above, Federal Rule of Civil Procedure 56(e)(2) requires that a party opposing a motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial."

7

In her response to Defendant's summary judgment motion, Plaintiff states the following:

> This is a negligence case, plain and simple.  The ADA claims were only utilized because the requirements are helpful to describe standards, but the common law negligence standard (duty, breach, cause of injury, damages) is still controlled by everyday, ordinary proof, not necessarily by expert opinions or testimony.

Docket 70, page 3-4.  Plaintiff's brief is otherwise devoid of argument regarding her ADA claim.  Additionally, in response to Defendant's statement of material facts which cite to an expert's report concluding that the entrance is ADA compliant, Plaintiff merely states that "the entrance could not have been in compliance" and that "even if Defendant's alleged 'handicapped' entrance was in compliance with the ADA," Defendant may still be liable because the entrance was "inherently dangerous or harmful to disabled . . . persons and/or their caretakers, because of the flawed design and modification."  Opposing SOF, Docket 72, ¶ 12 (citing to her affidavit, Docket 74).  Plaintiff goes on to cite only to her own affidavit and state that the accessible path required by the ADA "was not well maintained and did pose a barrier to wheelchair bound patients and their caretakers."  Id. at ¶ 4 (citing to Docket 74).

The Court agrees with the Defendant that the discrimination of which Plaintiff complains can only fall under the description contained in 42 U.S.C. § 12182(b)(2)(A)(iv), which states that discrimination includes a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily

achievable."[1]   See Docket 65, page 8.  The Court also agrees with Defendant

that remedies available under this section are limited to equitable remedies,

pursuant to 42 U.S.C. § 12188(a)(2).  See Steger v. Franco, Inc., 228 F.3d 889,

892 (8th Cir. 2000).  As she failed to address these arguments in her brief, it

would appear that Plaintiff concurs with these conclusions.

For the reasons stated below, the Court believes that summary judgment

on the ADA claim is warranted.  First, it seems that Plaintiff has nearly

abandoned the ADA claim, given her statement that "[t]his is a negligence case,

plain and simple.  The ADA claims were only utilized because the requirements

were helpful to describe standards."  Docket 70, page 4.  Plaintiff also fails to

address Defendant's substantive arguments regarding her ADA claim.  The

most the Plaintiff does is cite to her own affidavit in her objections to Plaintiff's

statement of material facts.  See Opposing SOF, ¶¶ 12, 21.

Second, the burden is on the Plaintiff to prove an ADA violation occurred;

in this case, Plaintiff must prove that an architectural barrier existed, and that

---

[1] In addition to the type of discrimination discussed above relating to
architectural barriers, 42 U.S.C. § 12182(b)(2)(A) lists three other descriptions
of prohibited discrimination, stating that "discrimination includes – (i) the
imposition or application of eligibility criteria that screen out or tend to screen
out an individual with a disability . . . ; (ii) a failure to make reasonable
modifications in policies, practices, or procedures . . . ; (iii) a failure to take
steps as may be necessary to ensure that no individual with a disability is
excluded, denied services, segregated or otherwise treated differently than
other individuals because of the absence of auxiliary aids and services[.]" While
Plaintiff does not explicitly state in her complaint which discrimination she is
alleging, it is clear to this Court that none of these three descriptions of
discrimination apply to the facts here.

9

Defendant failed to remove it.  <u>See</u> 42 U.S.C. § 12182(b)(2)(A)(iv); <u>see also</u> 28 C.F.R. §§ 36.304 (removal of barriers), 36.305 (alternatives to barrier removal), 35.402-403 (alterations).  Further, Plaintiff must also prove that barrier removal is "readily achievable," as that term is defined and explained in 42 U.S.C. § 12181(9).  <u>Spector v. Norwegian Cruise Line, Ltd.</u>  545 U.S. 119, 128-29, 125 S. Ct. 2169, 162 L. Ed. 2d 97 (2005).  To reach this burden, Plaintiff offers only her own testimony, which covers only her personal recollection of events related to her alleged fall at the Custer Medical Center.  Plaintiff has not presented to the Court any admissible evidence which would demonstrate that she could meet her burden of proving that Defendant violated the ADA by failing to remove a barrier or that removal of the barrier is "readily achievable." Indeed, to date Plaintiff has brought forth no admissible testimony of any sort on the question of whether the accommodation is "readily achievable."

Federal Rule of Civil Procedure 56 provides that a Plaintiff cannot "rely merely on allegations or denials in its own pleading," and the Court believes that this is what Plaintiff is trying to do with regard to her ADA claim.  For the reasons stated above, Plaintiff fails to "set out specific facts showing a genuine issue for trial" as required by Rule 56, and Defendant is therefore entitled to judgment as a matter of law.  Accordingly, summary judgment for Defendant on the ADA claim is granted.

**C.  Supplemental Jurisdiction**

28 U.S.C. § 1367(a) states that district courts have supplemental

jurisdiction "over [state] claims that are so related to [federal] claims in the action . . . that they form part of the same case or controversy[.]"  Here, the Court clearly has supplemental jurisdiction over Plaintiff's state law claims by virtue of Plaintiff's federal ADA claim, which all arise from a common event and circumstances, in accordance with 28 U.S.C. § 1367(a).  The question is now whether the Court will continue to exercise supplemental jurisdiction over the state law claims since it has granted summary judgment to Defendant on the sole federal claim.

28 U.S.C. § 1367(c) states that district courts may decline to exercise supplemental jurisdiction in four situations, including when "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  In making the determination whether or not to continue to exercise supplemental jurisdiction, the court is to "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims."  Id. at 350 n.7.

The Court does not believe that this is a "usual case" as discussed in Carnegie-Mellon.  Here, it appears that the Plaintiff would prefer that her state

11

claims be dismissed without prejudice to permit her to refile in state court, even though it was she who selected this federal forum. Additionally, here it is Defendant who is requesting that the Court retain supplemental jurisdiction over the state law claims, to permit them to be resolved in federal court and to prevent Plaintiff from getting a "second bite of the apple." Docket 65, page 13.

After weighing the factors of judicial economy, convenience, fairness, and comity, the Court chooses to exercise supplemental jurisdiction over the state law claims. Since this case was filed in 2006, both parties have engaged in extensive discovery and preparation to develop their cases, and the Court believes that it is most convenient to both parties to continue with this case instead of starting over in state court. The Court is also persuaded that the principle of fairness to Defendant weighs in favor of retaining jurisdiction, as it was Plaintiff who chose this federal forum in the first place and who now seems to want to refile in state court, creating more inconvenience and cost for Defendant. Finally, the Court is not concerned that its retention of these state law claims threatens the principle of comity between state and federal courts, nor does the Court anticipate that this ordinary negligence case will likely raise "novel or complex issue[s] of State law." See 28 U.S.C. § 1367(c)(1). For all of these reasons, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

**D.   State Regulations**

In her complaint, Plaintiff states that the hospital door at Custer

12

Regional Medical Clinic violated South Dakota Administrative Rule 44:04:13:10, which states that "Thresholds and expansion joint covers, if used, must be flush with the floor."  In its statement of material facts and in its motion for summary judgment, Defendant states that all relevant doors are in compliance with all applicable state Administrative Rules.  Defendant's SOF, ¶ 71; Docket 65, page 20-21.  In opposition, Plaintiff says she objects to the Defendant's statement of material facts, but instead of refuting the evidence that the doorway violates the rule, she states that "the reference [presumably to the state Administrative Rules] may be irrelevant to prove ordinary negligence."  Opposing SOF, ¶ 71.  Plaintiff's objection does not include a citation to the record.

Above, the Court found that Plaintiff admitted ¶ 71 of her opposing statement of facts.  See supra Section A.  Thus, there is no genuine dispute for trial as to whether or not Defendant adhered to the Administrative Rules of South Dakota.  Because the Court concludes that there is no violation of the state's Administrative Rules, and because Defendant is therefore entitled to a judgement in its favor as a matter of law, the Court grants summary judgment to Defendant on the claim brought under S.D. Administrative Rules.

**E.  Negligence**

To establish a prima facie negligence case, a Plaintiff must prove "duty, breach of that duty, proximate and factual causation, and actual injury."  Parker v. Casa Del Rey-Rapid City, Inc., 2002 SD 29, ¶ 7, 641 N.W.2d 112

13

(citations omitted).   Summary judgment is not favored in negligence cases in South Dakota.  <u>Wildeboer v. South Dakota Junior Chamber of Commerce, Inc.</u>, 561 N.W.2d 666, 668-69 (S.D. 1997) (stating that "[s]ummary judgment is generally not feasible in negligence cases [and r]esolving negligence questions is an elemental jury function"); <u>Stenholtz v. Modica</u>, 264 N.W.2d 514, 517 (S.D. 1978) (pointing out that "[o]rdinarily, questions of negligence, . . . are for the jury, provided there is evidence to support them").   Summary judgment is especially disfavored on the grounds that no breach of duty occurred.  <u>Casillas v. Schubauer</u>, 2006 SD 42, ¶ 14, 714 N.W.2d 84,  (S.D. 2006) (stating that once the court determines that plaintiff was owed a duty by defendant, "whether a breach of that duty occurred is for the finder of fact, not this Court").   Finally, in deciding whether summary judgment is appropriate, the Court is not to consider the credibility of witnesses, but instead must objectively view the testimony and arguments to determine whether there is a genuine dispute of material fact for trial.  <u>See</u> <u>In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions</u>, 538 F.2d 180, 184 (8th Cir. 1976) (stating that a movant must show "that the other party is not entitled to recover under any discernible circumstances" and that the court must "give the nonmoving party the benefit of all reasonable factual inferences, and must do so without assessing credibility.").

### 1.  Breach of duty

First, Defendant argues that the absence of expert testimony to prove

14

that Defendant breached a duty to Plaintiff requires a grant of summary judgment in its favor.  Docket 65, page 15-18 (stating that because Plaintiff "has no expert to establish that the design and construction of the Clinic entrance fell below any applicable building and design standards . . . her negligence claim fails as a matter of law").  In making this argument, Defendant relies heavily on <u>Luther v. City of Winner</u>, 2004 SD 1, ¶¶ 7-16, 674 N.W.2d 339.

In <u>Luther</u>, the South Dakota Supreme Court held that expert testimony was required in Luther's case against an engineer who he said negligently designed the curb over which Luther tripped.  Relying on other cases of professional negligence, the South Dakota Supreme Court stated that "expert testimony is required to establish the standard of care *for a professional* unless the issue is within the common knowledge of the jury."  <u>Id.</u> at ¶ 9 (emphasis added).  Thus, the court concluded, summary judgment in favor of the engineer was required because of Luther's lack of expert testimony.  <u>Id.</u> at ¶ 16.

However, the court surmised that a lack of expert testimony did not similarly doom Luther's claim against the City of Winner.  <u>Id.</u> at ¶¶ 17-21.  Although the trial court had granted summary judgment to the city because of Luther's lack of expert testimony, the South Dakota Supreme Court stated that the engineer and the city owed different standards of care to Luther.  While the engineer owed Luther a professional duty of care – thereby requiring expert testimony for the jury to properly understand the duty – the City owed Luther

15

the standard of care of a landowner.  <u>Id.</u> at ¶ 18 (stating "[b]y not providing expert testimony, Luther failed to show that the design and construction fell below professional standards.  However, Luther's claim against city for negligence in failing to warn should not have been subject to summary judgment").  Thus, summary judgment was not proper in the claim against the city because of the mere fact that Plaintiff had no experts to testify on his behalf.  <u>Id.</u>

In this case, Custer Medical Center is the landowner, not the professional who designed and/or modified the handicapped entrance.  Thus, the Court believes that a proper reading of <u>Luther</u> supports Plaintiff's conclusion that lay testimony is sufficient to prove that Defendant breached its duty of ordinary care as a landowner.  Were Plaintiff's claims just for negligent design and construction, Defendant would perhaps be on sturdier ground in arguing that expert testimony is needed because such knowledge may be outside "the typical lay person's realm of knowledge."  <u>See</u> <u>Luther</u>, 2004 SD 1, ¶ 15.  However, this is clearly not a professional negligence claim that likely requires expert testimony pursuant to <u>Luther</u>; here, Plaintiff alleges that Defendant, a landowner, was negligent in its design, construction, maintenance, and operation of the public entryways.  The Court believes that determinations regarding whether Defendant breached its duty as a landowner are within the common knowledge of jurors.  <u>See</u> S.D.C.L. 19-15-2 (permitting expert testimony if his/her "specialized knowledge will assist the trier of fact to

16

understand the evidence or to determine a fact in issue"); <u>Bland v. Davison County</u>, 1997 SD 92, ¶ 30-31, 566 N.W.2d 452 (concluding that expert testimony was not required since the relevant issues were "within a layman's breadth of knowledge").

The Court's review of relevant South Dakota caselaw does not support Defendant's conclusion that expert testimony must be presented for a Plaintiff to prove that a breach of a duty occurred.  <u>See</u> <u>Bland</u>, 1997 SD 92, ¶¶ 30-32, (affirming trial court's refusal to permit expert testimony on the question of whether sand is needed on an icy road); <u>Mid-Western Electric, Inc., v. DeWild Grant Reckert & Assoc. Co.</u>, 500 N.W.2d 250 (S.D. 1993) (finding that lack of expert testimony to support contributory negligence argument was not fatal because "[i]t is within the understanding of the ordinary layman that [plaintiff's alleged failures] may fall below a professional standard"); <u>Thomas v. St. Mary's Roman Catholic Church</u>, 283 N.W.2d 254, 258 (S.D. 1979) (concluding that "the jury was capable, without assistance of experts, to decide" whether defendant was negligent in putting non-shatterproof glass near basketball court); <u>Morin v. Chicago and Northwestern Ry. System</u>, 209 N.W.2d 895, 897 (S.D. 1973) (affirming trial court's refusal to permit expert testimony regarding warnings used at railroad crossing because this was "a subject within the range of common knowledge [where] the jury was capable of reaching their own conclusion"); <u>cf.</u> <u>Burley v. Kytec Innovative Sports Equipment, Inc.</u>, 2007 SD 82, ¶ 18, 737 N.W.2d 397, 407-08 (stating that "expert testimony is ordinarily

required to establish a claim of negligence in a products liability action");

Lenius v. King, 294 N.W.2d 912, 914 (S.D. 1980) (requiring expert testimony in

legal malpractice suit).  Because Plaintiff's lack of expert witnesses is not fatal

to its negligence claim, summary judgment on these grounds is denied.

On the question of breach of duty, Defendant also argues that Plaintiff's

negligence claims must be dismissed as a matter of law because Plaintiff has

not rebutted Defendant's expert conclusions that the entrance complied with

all relevant ADA, health care, and administrative standards, and all state and

local building codes.  Docket 65, page 16-17.  Additionally, as stated above, the

Court considers Plaintiff to have admitted the facts that the Clinic's

handicapped entrance complied with Uniform Building Code requirements, Life

Safety Code 101 requirements, applicable ADA Accessibility Guidelines, and

applicable Administrative Rules of South Dakota.  See supra Section A; see also

Docket 72, Opposing SOF, ¶¶ 58-65.

In her response to the summary judgment motion, Plaintiff does not

expressly address Defendant's conclusion that it cannot be negligent as a

matter of law if it complies with all relevant standards and codes.  Plaintiff

merely states in her objections to Defendant's statement of facts that "[l]ogic,

common sense and basic human capability, is [sic] available to now see the

facts of how the Defendant's so called 'handicapped' entrance was not safe,

accommodating, or reasonable[.]" Opposing SOF, ¶ 58.

In support of its conclusion that compliance with all applicable

18

regulations renders it immune from negligence claims, Defendant cites no relevant legal support or authority, and the Court does not believe that this conclusion is the law in South Dakota.  While expert testimony that Defendant complied with all federal and state laws and regulations and with applicable building codes is certainly persuasive as to whether or not Defendant breached a duty it owed to Plaintiff, the Court does not believe it is dispositive as to whether Defendant negligently constructed, maintained, or operated the handicapped entrance.  Therefore, for all these reasons, the Court is not persuaded that no issue of material fact exists as to whether or not Defendant breached its duty to Plaintiff, and summary judgment on this ground is denied.

### 2.  Causation

Regarding the element of causation which Plaintiff must prove in her negligence claim, Defendant argues that summary judgment is required because Plaintiff lacks expert testimony to prove that her injury was caused by Defendant's alleged negligence.  Docket 65, page 18-19.  Defendant states that "[u]nder South Dakota law, medical causation must be established through the testimony of medical experts."  Id. at 18.  In response, Plaintiff argues that causation may be proven by lay testimony, and that the absence of expert testimony does not render his negligence claim fatally deficient.  Docket 70, page 5.

The cases cited by Defendant in support of its argument that medical testimony is needed to establish causation are all workers compensation cases.

19

However, workers compensation claims require that causation "must be established to a reasonable medical probability." Truck Ins. Exchange v. CNA, 2001 SD 46, ¶ 19, 624 N.W.2d 705, 709; see Docket 65, page 18 (citing Orth v. Stoebner & Permann Constr., Inc., 2006 SD 99, ¶ 34, 724 N.W. 2d 586, 593; Westergen v. Baptist Hospital of Winner, 1996 SD 69, ¶ 31, 549 N.W.2d 390, 398). A plaintiff in an ordinary negligence case does not carry such a heavy burden to prove causation. See Van Zee v. Sioux Valley Hospital, 315 N.W.2d 489, 495 (S.D. 1982) (quoting favorably a Court of Appeals of New York case that "[c]ircumstantial evidence is sufficient if it supports the inference of causation or of negligence"); Smith v. Weber, 16 N.W.2d 537, 540-41 (S.D. 1944) (permitting husband to testify as to the link between defendant's alleged negligence and the illnesses of those in his household); cf. Lohr v. Watson, 2 N.W.2d 6, 7-8 (S.D. 1942) (stating that in this medical malpractice case, where causation was an issue, expert testimony was required because causation "turn[s] upon scientific questions laymen are not qualified by learning or experience to answer"). While expert testimony is often admissible and probably persuasive to the question of causation, Defendant has not provided adequate support for its argument that a Plaintiff *must* provide medical testimony to prove causation in an ordinary negligence action. The Court does not believe that South Dakota law requires such expert testimony to prove causation; therefore, Plaintiff's lack of experts does not require that the Court grant Defendant's motion for summary judgment.

Because of the reasons stated above, Defendant's motion for summary judgment on the negligence claim is denied.

**F.   Premises Liability**

Defendant's motion for summary judgment on the premises liability claim similarly fails.  In its brief, Defendant argues that summary judgment in its favor is required because the "[e]ntrance to the Clinic met the applicable building, construction and design standards, and there is absolutely no evidence to the contrary."  Docket 65, page 19.  Additionally, Defendant goes on to state that its duty of reasonable care equates to "compliance with all building codes, ADA standards, department of health regulations, and all other design and construction standards applicable to this entrance."  Id. (citing to Defendant's SOF, ¶¶ 12-25).

In its materials in opposition Plaintiff does not dispute whether or not Defendant's handicapped entrance conformed to all relevant building codes and statutory regulations, and the Court finds above that Plaintiff has admitted that the entrance was compliant in all these ways.  See supra Section A. Instead, Plaintiff states that "logic, common sense and basic human capability, is available to now see the facts of how the Defendant's so called handicapped entrance was not safe, accommodating, or reasonable."  Docket 72, ¶ 58. Plaintiff's premises liability claim is remarkably similar to its negligence claim, especially since the Court concludes above that Defendant's duty to Plaintiff is that of a landowner, in accordance with Luther v. Winner.  See supra Section

21

E.1.  The only additional allegation in the premises liability claim is that Defendant failed to warn Plaintiff "regarding the entryway's unsafe condition and/or by failing to take other reasonable steps to protect the Plaintiff." Docket 21, ¶ 25.

The mere fact that Defendant adhered to all relevant building codes and state and federal laws does not require summary judgment for Defendant on Plaintiff's premises liability claim.  Defendant provides no legal authority for the proposition that compliance with relevant codes and rules can be used defensively to render it immune from premises liability claims, and the Court does not believe that is the law in South Dakota.  Luke v. Deal, 2005 SD 6, ¶¶ 15-17, 692 N.W.2d 165; Luther v. City of Winner, 2004 SD1, ¶¶ 20-21, 674 N.W.2d 339; Pierce v. City of Belle Fourche, 2001 SD 41, ¶¶ 21-28, 624 N.W.2d 353; Ballard v. Happy Jack's, 425 N.W.2d 385, 387 (S.D. 1988); Mitchell v. Ankney, 396 N.W.2d 312, 313-34 (S.D. 1986).  Nor does Defendant convince the Court that it should adopt the specific codes and rules at issue here as the appropriate standard of care for Defendant.  See Restatement 2d Torts § 285 (stating that a reasonable standard of conduct may be established through a "legislative enactment or administrative regulation" so that *violation* of a law or regulation threatens tort liability).  Even without expert witnesses, and even if the handicapped entrance does not violate any relevant code, law, or rule, Defendant may still be liable for failing to warn Plaintiff regarding an unsafe condition or by failing to exercise reasonable or ordinary care toward an

22

invitee, and Defendant has provided the Court with no legal authority or argument which would persuade it to believe otherwise.

For these reasons, Defendant has failed to establish that it is entitled to judgment as a matter of law, and Defendant's motion for summary judgment on Plaintiff's premises liability claim is therefore denied.

## CONCLUSION

Defendant's motion for summary judgment is granted with regard to claims that Defendant violated the ADA and South Dakota Administrative Rules.  For the reasons stated above, Defendant's request for summary judgment on the negligence and premises liability claims is denied. Additionally, the Court elects to exercise supplemental jurisdiction over the state law claims remaining in this lawsuit.  The Court asks the parties to confer with each other about possible trial dates and notify the Court as to potential dates for trial in this matter.

Accordingly, it is hereby

ORDERED that Defendant's motion for summary judgment, Docket 64 is GRANTED IN PART regarding Count III, Violation of South Dakota Regulations Regarding Hospital Doors, and Count IV, Violation of Title III of the Americans with Disabilities Act.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment, Docket 64, is DENIED IN PART with regard to Count I, Negligence, and Count II, Premises Liability.

23

Dated this 24th day of October, 2008.

BY THE COURT:


/s/ *Andrew W. Bogue*

ANDREW W. BOGUE
SENIOR DISTRICT JUDGE